UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THEODORE R. WILLETTE,

    Plaintiff,

v.                                                  Case No. 22-CV-1045

RANDY HEPP, *et al.*,

    Defendants.

## ORDER

On September 9, 2022, plaintiff Theodore Willette, who is represented by counsel, filed a motion for temporary restraining order and preliminary injunction in conjunction with his complaint under 42 U.S.C. § 1983. (ECF No. 2.) The court screened the complaint on December 6, 2022, and ordered the defendants to file a response brief to Willette's motion for a temporary restraining order and preliminary injunction. (ECF No. 5.) On December 22, 2022, the defendants filed a response brief. (ECF No. 9.) The motion is now fully briefed and ready for decision.

Willette requests an injunction ordering for his immediate transfer to the Wisconsin Resource Center (WRC).(ECF No. 2, ¶ 9.) He states that he was mistakenly classified "to maximum security level by BCOM (bureau of Classification and Movement" and is also on "segregation transfer, which means that he will be transferred from one institution to another institution every four to six months." (*Id.*,

¶¶2-3.) Willette is currently in segregation and has been housed in segregation for several months. (*Id.*, ¶ 4.) The long stay in segregation is negatively affecting his mental health, and Willette already suffers from several mental health issues including severe depression and anxiety. (*Id.*, ¶ 1, 5.) Willette states that he is being housed in segregation as punishment for his mental health problems. (*Id.*, ¶ 6) The defendants, all employees at Waupun Correctional Institution, ignored his mental health issues and refused to explore other housing alternatives; instead they kept Willette in segregation. (*Id.*) Willette states that Dr. Neil Fullan, who he asserts is his "primary psychiatrist" recommended that he be sent to the WRC, but his recommendation was ignored. (*Id.*, ¶¶2, 7.) It is unclear from the record whether Dr. Fullan has any association with the Wisconsin Department of Corrections or if he is Willette's private doctor.

The defendants responded noting that Willette is now housed at New Lisbon Correctional institution, so they do not have the power to order his transfer to the WRC. (ECF No. 9 at 1.) Even if Willette was still at Waupun, the WRC is run independently of the DOC, run by the Department of Health Services, so the most they could do is request that the WRC take Willette. (*Id.* at 2. ) The defendants notes that the WRC has a lengthy waiting list and a process for prioritizing which prisoners from a DOC institution get a bed. (*Id.* at 2-3.)

The defendants also provided information regarding Willette's current housing situation at New Lisbon. They state that Willette is eligible to move out of segregation and into the general population, but at this time, that would require having a

2

cellmate. (*Id.* at 5.) They also note that Willette "has not meaningfully engaged in treatment with PSU [Psychological Services Unit] staff at any institution he has been at to the point where a referral for more intensive/specific treatment would be warranted." (*Id.*) Because Willette has been resisting PSU care, his clinician at New Lisbon, Daniel Huneke, has been unable to develop a treatment plan. (*Id.*) In his professional opinion, Huneke "is not psychologically unstable in such a manner where he would need stabilization at WRC." (*Id.*) Additionally, Huneke believes that Willette's mental health needs are being adequately addressed at New Lisbon. (*Id.* at 7.) The defendants also note that Willette is slated for release in May 2023, so it is likely that WRC would decline any referral because he should be focusing on release planning. (*Id.* at 6.)

Willette, in his reply, states that the defendants' assertion that they have no authority to implement Willette's transfer to WRC "is extremely inaccurate and should warrant sanctions." (ECF No. 15, ¶ 3.) However, Willette offers no evidence showing that any of the defendants have this ability, such as DOC policies or procedures.

In order to receive injunctive relief, either through a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*, 669 F.3d 962, 972 (7th Cir. 2012). If the plaintiff makes that showing, then the court must

3

balance the harm to each party and to the public interest caused by granting or denying the injunction. *Id. See also Korte v. Sebelius*, 735 F.3d 654 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809 813 (7th Cir. 1999). Prisoner litigation also has an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Injunctive relief is appropriate only if it seeks relief from actions similar to the plaintiff's claims in the underlying case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813, 2013 WL 6331348 at *1 (W.D. Wis. Dec 5, 2013).

At the outset, it does not appear to the court that if it granted Willette's injunction and ordered his transfer to the WRC, the defendants could implement that order. The defendants are all employees at Waupun and based on the record, it seems the most they could do is refer Willette to the WRC and the WRC would have to determine whether to accept him based on their own internal procedures and protocols. Willette has offered no evidence other than his attorney's belief that all it would take is one phone call to get Willette into the WRC.

Regardless, Willette has an adequate remedy at law available to him. He is able to seek monetary damages against the defendants for failing to provide adequate mental health care—including failing to follow Dr. Fullan's recommendation that he be transferred to the WRC.

4

Additionally, Willette's case is against the defendants at Waupun. He is no longer housed at Waupun, and, the evidence on the record shows that his stay at New Lisbon is an improvement over his stay at Waupun. There is also no evidence in the record supporting that Willette will be transferred from New Lisbon prior to his May 2023 release, despite Willette's contention that he is in a program that moves him every four-to-six months. A review of his housing record on the DOC's Offender Locator website, https://appsdoc.wi.gov/lop/welcome, indicates that he was at Waupun for approximately 12 months, from June 3, 2021, to June 2, 2002. He has been at New Lisbon ever since. Regarding his conditions at New Lisbon, Willette's mother, in her declaration, stated that "New Lisbon has been truly kind to me", and while she acknowledges that he is not getting the "correct help he needs", the record indicates that the lack of care is largely due to Willette's refusal to cooperate with New Lisbon's PSU. (ECF No. 4, ¶ 8.)

Finally, the harm that the defendants have allegedly inflicted occurred in the past, and Willette has not shown that he would be irreparably harmed *by these defendants* in the future, so his motion for a preliminary injunction must be denied. *See Swift v. Slagle*, Case No. 08-C-590, 2008 WL 4282596 at *3, n. 1 (E.D. Wis. Sept. 17, 2008); *Palmer v. City of Chicago*, 755 F.2d 560, 570-571 (7th Cir. 1985) (holding that a preliminary injunction cannot be granted on the basis of past actions alone, and a plaintiff must demonstrate the likelihood of suffering a future injury).

**IT IS THEREFORE ORDERED** that Willette's motion for a temporary restraining order and motion for a preliminary injunction (ECF No. 2) is **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of February, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge